VICENTE ORTIZ LÓPEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, recurrida.

Núm. 12.—*Sometido:* Junio 7, 1937. *Resuelto:* Junio 24, 1937.

*Vicente Ortiz López,* por su propio derecho; *Hon. Procurador General B. Fernández García, Emilio de Aldrey, Subprocurador,* y *Luis Negrón Fernández,* abogado de El Fondo del Estado, abogados de la recurrida.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

En mayo 19 último Vicente Ortiz López solicitó de esta corte que de acuerdo con la Ley núm. 45 de 1935, Leyes de 1935, pág. 251 revisara cierta resolución de la Comisión Industrial de Puerto Rico y el 21 del propio mes se señaló el 7 de junio para oír a las partes sobre la solicitud.

Ninguna de las partes compareció pero ambas radicaron

alegatos en apoyo de sus respectivas pretensiones habiendo elevado además la Comisión el récord del caso del peticionario.

Hemos examinado toda la documentación y si bien estamos conformes con el peticionario en que su petición de reconsideración se presentó dentro del término de ley no lo estamos en que la Comisión cometió los otros errores que le atribuye.

Fué juzgando el mérito de la evidencia aportada por el propio peticionario y por el Fondo del Estado que la Comisión llegó a la conclusión de que la incapacidad por virtud de la cual el peticionario reclamaba, no se debió a un accidente del trabajo asegurado por el Fondo del Estado.

 Sostiene el recurrente en primer término que la Comisión erró al no permitirle presentar cierto documento ni dejarlo en récord a los efectos de fundamentar su excepción. Sucedió que el peticionario por su abogado en la vista que tuvo lugar ante la Comisión trató de introducir en evidencia una hoja de alta de la Clínica Díaz García. Se objetó su admisión y el Comisionado dijo al abogado del peticionario: "Este documento que usted presenta. . . no viene firmado y por liberal que sea la Comisión, un documento que no viene firmado no lo vamos a admitir." Luego el Comisionado llamó la atención al abogado del peticionario que lo mismo que se intentaba acreditar con el documento constaba ya del récord. Renovóse el incidente, en parte, en la siguiente forma:

"Lcdo. Olmedo: Como abogado presentamos a la corte este documento que no ha sido admitido y pedimos que se consigne que no ha sido admitido como prueba, para que se consigne en el récord, para los efectos de la constancia.

"Sr. Paz Granela: Esto no se admite como prueba porque no viene firmado ni siquiera autenticado por firma alguna."

Aparte de que no estamos convencidos de que de existir el error pudiera dar motivo al recurso ejercitado que es el que otorga la Ley núm. 45 de 1935, artículo 11, Leyes de 1935, págs. 251 y 259, creemos que el documento sin firma que se

presentó era claramente inadmisible y que si bien debió permitirse que quedara en récord a los fines expresados por el recurrente, el error que pudiera haberse cometido no fué perjudicial. Además el peticionario no tomó excepción.

■ El otro error en que se funda el recurso es el de no haberse dado al obrero oportunidad de refutar la prueba ofrecida por el Fondo del Estado.

El récord demuestra que el caso del peticionario se llamó para una vista pública ante la Comisión representada por el Comisionado Sr. Paz Granela en febrero 26, 1937, compareciendo el Fondo del Estado por el Sr. Alfredo Vargas acompañado de su médico el Dr. Díaz García y el obrero en persona y por su abogado el Sr. Olmedo acompañado de sus testigos Juan Hernández, Jesús Andréu, Félix Rivera, Francisco del Valle y Dr. Narciso Moreno.

La vista fué amplia. Practicó el obrero su prueba y repreguntó por su abogado repetidas veces al perito del Fondo del Estado y al finalizar la sesión muestra el récord que ocurrió lo que sigue:

"Sr. Vargas: Ofrecemos a la Comisión traer como evidencia, toda la documentación del Hospital Municipal, para que la Comisión tenga ante sí la naturaleza de la operación que sufrió, toda la operación que sufrió.

"Lcdo. Olmedo: Por supuesto, dándole oportunidad a la parte contraria de contradecir esa prueba y examinar los testigos que aparecen firmando esos documentos. . . . .

"Sr. Vargas: Queremos advertir que de acuerdo con la ley nuestra que rige esta materia, todas las certificaciones de hospitales y certificaciones médicas son admisibles en evidencia, de modo que no tenemos que traer los testigos aquí para identificarlos, sino que basta que se traigan certificaciones de funcionarios competentes y se admiten.

\* \* \* \* \* \* \*

"Lcdo. Olmedo: Eso no lo dice la Ley de Evidencia; la Ley de Evidencia está por encima de la ley de indemnizaciones a obreros. Me opongo a que se admitan como prueba por la Comisión sin haber sido examinados los testigos que las firman, los peritos o expertos que las firman, que vengan aquí y me den oportunidad, como ha ve-

nido el Dr. Díaz García, y los sostengan, porque tienen que estar sujetos a la repregunta. . . . . .

"Sr. Paz Granela: Aquí ya el abogado tiene razón. La documentación oficial que se obtenga en el Hospital Municipal como de cualquier otro médico, es admitida en evidencia, pero el derecho que tiene la parte de examinarla y repreguntar a esos que han producido esos documentos, es un derecho que tienen, no hay duda. Cualquiera que sea la declaración de las personas que aquí comparezcan autenticando esa prueba médica, no empece cuál sea la declaración, lo que la ley dice es que esos documentos pueden admitirse en evidencia, en absoluto, habiendo admitido evidencia.

"Ledo. Olmedo: Admirablemente resuelto.

\* \* \* \* \* \* \*

"Sr. Vargas: Entonces voy a enmendar la súplica del Fondo del Estado, que nos dé un término de 3 ó 5 días para el Fondo del Estado obtener . . . solicitamos la prolongación de esta vista para producir esta prueba, que se deje abierto el caso durante 3 ó 5 días y en ese caso. . . .

"Ledo. Olmedo: Se nos da traslado de la prueba y se señala esta vista para discutir esos documentos, como se ha hecho con los demás.

"Sr. Paz Granela: Muy bien. Entonces tiene 5 días el representante del Fondo del Estado para que nos comunique si le es necesaria e imprescindible presentar la prueba documental, y que en el caso que diga que sí y la produjera, se citará al abogado del obrero para que ante la Comisión la estudie y repregunte a la persona que produjera esa prueba."

Nada más ocurrió. En marzo 5 el Fondo del Estado presentó una moción a la Comisión manifestando que consideraba innecesaria porque resultaría acumulativa la prueba que intentaba ofrecer y pidiendo que el caso se considerara sometido para su resolución final. Se opuso el obrero. De su oposición transcribimos lo que sigue:

"3. Que considerar ahora terminado y sometido el caso, sin sentar nuevamente al obrero lesionado a declarar en *rebuttal,* porque la representación del Administrador de los Fondos de Seguros del Estado juzgue innecesaria la presentación de la prueba adicional anunciada, con el propósito de que, habiéndose denegado la admisión de una hoja de "alta" expedida por la clínica de este mismo Dr. Díaz García, quede su declaración en pie y sin refutar, sería injusto y

'unfair' para el obrero lesionado, y contrario a una buena práctica procesal.

"Por cuyas razones, el obrero lesionado suplica a la Hon. Comisión se le permita sentarse nuevamente en la silla de testigo, para refutar la declaración del testigo perito Dr. Díaz García, antes de darse por sometido el caso de epígrafe."

Desestimó la oposición la Comisión y, por medio de una resolución fundada en la cual se expone y analiza toda la evidencia aportada, decidió el caso en contra del obrero. La parte dispositiva de su resolución es como sigue:

"Por las razones expuestas a la luz de la evidencia testifical y pericial ofrecida en la vista pública, la Comisión Industrial RESUELVE que el obrero no ha probado que el carcinoma del pene de cuya enfermedad fué operado fué causado por un accidente, ni que tuviera esta enfermedad relación causal con el accidente alegado, ni que hubiera sufrido lesión alguna en su órgano genital que le hubiese agravado el carcinoma, por lo cual el caso alegado no está protegido por la Ley 45 de abril 18 de 1935."

Quizás la Comisión debió haber accedido a la súplica final del obrero pero, dadas las circunstancias concurrentes, no creemos que su actuación deba dar lugar a la revisión y anulación de su fallo. Hemos leído cuidadosamente todo el récord y nos parece inevitable la conclusión a que llegara la Comisión. Es tan claro lo ocurrido, que abrir el caso de nuevo sólo serviría para ocasionar pérdida de tiempo y de trabajo a todos, incluso al abogado del obrero, para tener que llegar al fin al mismo resultado.

El caso del obrero es sin duda uno desgraciado. Por una razón o por otra no ha encontrado la protección social que hubiera sin duda mitigado los intensos sufrimientos que debe producirle su enfermedad. Llamó a las puertas de la Comisión que se cerraron para él tras una investigación que determinó que su caso no estaba comprendido dentro de aquéllos que la Comisión puede y debe proteger. Y como la Comisión actúa de acuerdo con la ley dentro de un radio de acción limitado, sin facultades para extenderlo, y no se ha demostrado que se haya cometido error alguno de derecho de

tal naturaleza que justifique la revisión que se pide, *debe declararse no haber lugar al recurso, devolviéndose a la Comisión el récord elevado por la misma.*

El Juez Asociado Señor Córdova Dávila no intervino.